# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re:<br><br>SHELBOURNE NORTH WATER STREET, L.P.,<br><br>Debtor. | Chapter 11<br><br>Case No. 13-44315 (JSB) |
| RMW ACQUISITION COMPANY, LLC<br><br>Plaintiff,<br><br>v.<br><br>SHELBOURNE NORTH WATER STREET, L.P.; SHELBOURNE LAKESHORE LIMITED; AND CHICAGO SPIRE, LLC<br><br>Defendants. | Adv. Pro. No. 13-_____ (JSB) |

## COMPLAINT FOR DECLARATORY JUDGMENT AS TO VALIDITY AND PRIORITY OF LIENS AND ALLOWANCE OF CLAIMS

For its Complaint For Declaratory Judgment as to Validity and Priority of Liens and Allowance of Claims (the "Complaint"), RMW Acquisition Company, LLC ("RMW"), by and through its undersigned counsel, respectfully states as follows:

## NATURE OF ACTION

1. This is an action (the "Adversary Proceeding") for relief pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201 and Rule 7001(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), requesting adjudication by this Court pursuant to Bankruptcy Code sections 502 and 506: (i) allowing the RMW Total Prepetition Claim[1] in the amount of $94,431,258.19 against the Debtor; (ii) declaring that the mortgage (the "RMW

---

[1] "RMW Total Prepetition Claim" is defined as RMW's pre-petition claim arising under the Loan Documents (as defined below).

Mortgage") and other liens and security interests (together with the RMW Mortgage, the "RMW Liens") held by RMW, are valid, enforceable and properly perfected against the Debtor and the Mortgaged Property;[2] (iii) declaring that the RMW Liens are senior in priority to the liens, claims and interests in, to and against the Mortgaged Property that may be held or asserted by Defendants Shelbourne Lakeshore Limited ("Shelbourne Lakeshore") or Chicago Spire, LLC ("Chicago Spire"); and (iv) once the Court has determined the allowed amount of the RMW Total Prepetition Claim and the validity, enforceability, and priority of the RMW Liens against the Mortgaged Property, determining the allowed amount of RMW's secured claim (the "RMW Secured Claim") under Bankruptcy Code section 506 by a methodology and in a manner to be established by the Court after notice and hearing at that time.

    2.    RMW is the holder by assignment of the RMW Total Prepetition Claim and the RMW Liens.

    3.    The RMW Liens and the Loan (as define below) they secure were entered into on July 18, 2006. The RMW Mortgage was first duly recorded on July 31, 2006 with the Cook County, Illinois Recorder of Deeds.

    4.    While the RMW Liens have been amended, supplemented or otherwise modified from time to time and the loan amounts secured by the RMW Liens were increased, the Loan and RMW Liens have at all times remained in full force and effect, from their inception until the present date.

---

[2] The "Mortgaged Property" comprises all of the real property, real property rights, personality, and other related interests that secure the Debtor's loan obligations to RMW, including, without limitation, the land and all improvements thereon located at 400 East North Water Street, Chicago, Illinois. The property index numbers of the Mortgaged Property are: 17-10-221-007-0000, 17-10-221-012-0000, 17-10-221-014-0000, 17-10-221-072-0000, and 17-10-221-073-0000.

5.  This court should enter an order and judgment: (i) allowing the RMW Total Prepetition Claim in the amount of $94,431,258.19 against the Debtor; (ii) declaring that the RMW Liens are valid, enforceable and properly perfected against the Debtor and the Mortgaged Property; (iii) declaring that the RMW Liens are senior in priority to the liens, claims and interests in, to and against the Mortgaged Property that may be held or asserted by Defendants Shelbourne Lakeshore or Chicago Spire; and (iv) once the Court has determined the allowed amount of the RMW Total Prepetition Claim and the validity, enforceability, and priority of the RMW Liens against the Mortgaged Property, determining the allowed amount of the RMW Secured Claim under Bankruptcy Code section 506 by a methodology and in a manner to be established by the Court after notice and hearing at that time.

## THE PARTIES

6.  Plaintiff RMW is a Delaware limited liability company with its principal place of business in Chicago, Illinois.

7.  The Defendant Debtor is a Delaware limited partnership with its principal place of business in Chicago, Illinois.

8.  Defendant Chicago Spire is an Illinois limited liability company with its principal place of business in Chicago, Illinois.

9.  Defendant Shelbourne Lakeshore is an Irish company with its principal place of business in Dublin, Ireland.[3]

---

[3] At the Section 341 Meeting of the Creditors on December 17, 2013, Garrett M. Kelleher ("Kelleher") stated under oath that he is the owner of Shelbourne Lakeshore and Chicago Spire and that he is the only remaining person with respect to those entities. The Debtor, also controlled by Kelleher, listed Shelbourne Lakeshore and Chicago Spire on its Schedules (defined below) without identifying the claims as either disputed, contingent, or unliquidated.

## JURISDICTION AND VENUE

10. This action arises under the Declaratory Judgments Act, 28 U.S.C. § 2201, and Bankruptcy Rule 7001(2). This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This Adversary Proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K) and (O) and is otherwise related to the above-captioned Chapter 11 case (the "Chapter 11 Case").

11. Venue is proper in this judicial district under 28 U.S.C. § 1409 because this Adversary Proceeding arises under and in connection with a case (*i.e.*, the Chapter 11 Case) pending in this District under the Bankruptcy Code.

## FACTUAL BACKGROUND

**The Loan and Mortgage**

12. To facilitate the purchase of the Mortgaged Property, the Debtor obtained a loan (the "Loan") from Anglo Irish Bank Corporation Limited, formerly known as Anglo Irish Bank Corporation plc ("Anglo Irish"). The terms and conditions of the Loan were set forth in a facility letter (as amended, the "Facility Letter"), dated as of July 18, 2006, by and among the Debtor as borrower, and Anglo Irish as lender, by which the Debtor initially borrowed the aggregate principal amount of $54,500,000.00 from Anglo Irish.[4] A true and correct copy of the Facility Letter is attached hereto as Exhibit A.

13. The Facility Letter was later amended by a first Amendment to Facility Letter dated as of January 1, 2008, then by a Second Amendment to Facility Letter dated as of

---

[4] The Facility Letter and first amendment thereto do not state the governing law; however, the Second and Third Amendments to the Facility state that they are to be governed by the law of the State of Illinois.

September 11, 2008, and then by a Third Amendment to Facility Letter dated as of April 27, 2009. True and correct copies of these amendments are attached hereto as Exhibits B, C and D, respectively.

14. The Loan advanced by the Facility Letter was evidenced by a Promissory Note (the "Original Note") dated July 20, 2006. A true and correct copy of the Original Note is attached hereto as Exhibit E. Subsequently, the Original Note was amended by a First Amendment to Promissory Note dated as of January 1, 2008, a copy of which is attached hereto as Exhibit F.

15. On or about September 11, 2008, Anglo Irish advanced to the Debtor an additional sum of $15,000,000.00. At that time, the Debtor executed and delivered to Anglo Irish an Amended and Restated Promissory Note (the "A&R Note") dated as of September 11, 2008, in the principal sum of $69,500,000.00. A true and correct copy of the A&R Note is attached hereto as Exhibit G. Subsequently, the Debtor executed and delivered to Anglo Irish a First Amendment to the A&R Note (the "A&R Note First Amendment," and together with the A&R Note, the "Note") dated as of April 27, 2009. A true and correct copy of the A&R Note First Amendment is attached hereto as Exhibit H.

16. The Loan, as evidenced by the Note, is secured by the RMW Liens, including the RMW Mortgage.[5]

---

[5] The Loan is further secured by a Collateral Assignment and Security Agreement in Contracts, Licenses, and Permits dated July 2006 (the "Collateral Assignment"). A true and correct copy of the Collateral Assignment is attached hereto as Exhibit I. The Facility Letter, the Note, the RMW Mortgage, the RMW Liens and all other documents, financing statements and instruments securing or evidencing the Loan are hereinafter collectively referred to as the "Loan Documents."

17. The RMW Mortgage was originally recorded in the office of the Cook County, Illinois, Recorder of Deeds on July 31, 2006 as Document No. 0621243299. A true and correct copy of the original RMW Mortgage is attached hereto as Exhibit J. The First Amendment to the RMW Mortgage was executed and recorded in the office of the Cook County, Illinois, Recorder of Deeds on September 11, 2008 as Document No. 0825503092. A true and correct copy of the first amendment to the RMW Mortgage is attached hereto as Exhibit K.

**The Mechanic Liens**

18. The Debtor allegedly entered into contracts with Chicago Spire and Shelbourne Lakeshore – both affiliated entities of the Debtor controlled by Kelleher, the Debtor's principal and sole employee – for certain work to be performed and services rendered related to the development of the Mortgaged Property.

19. On October 10, 2008, Chicago Spire recorded a mechanic lien against the Mortgaged Property in the amount of $15,000,000 (the "Chicago Spire Lien") with the Office of the Cook County Recorder of Deeds as Document No. 0828431059.

20. On October 10, 2008, Shelbourne Lakeshore recorded a mechanic lien against the Mortgaged Property in the amount of $2,528,627 (the "Shelbourne Lakeshore Lien") with the Office of the Cook County Recorder of Deeds as Document No. 0828431060.

**Default, the Forbearance Agreement, and Foreclosure Action**

21. The Loan matured and became due on October 2, 2009. The Debtor did not repay the Loan, and the Debtor became in default under the Loan Documents. Thereafter, the Debtor and Anglo Irish engaged in negations that culminated on April 21, 2010, when the Debtor and Anglo Irish entered into a Forbearance Agreement (the "Forbearance Agreement"),

6

effectively extending the term of the Loan until September 30, 2010. A true and correct copy of the Forbearance Agreement is attached hereto as Exhibit L.

   22. In the Forbearance Agreement, the Debtor, among other things, (i) acknowledged that the Debtor is in default under the Loan Documents by reason of the Debtor's failure to pay the Loan at maturity; (ii) acknowledged and agreed that as of March 3, 2010, the amount of outstanding principal, interest, and fees for the Loan owing to Lender was $74,487,362.42; (iii) acknowledged that all amounts asserted to be due by the Lender under the Facility Agreement and the Loan Documents were justly due and owing without any defense of Borrower or any right of Borrower to set off, recoup, or counterclaims; (iv) acknowledged that the Loan Documents and obligations of the Debtor under the Loan Documents remained in full force and effect and may be enforced against the Debtor; (v) acknowledged that the RMW Liens granted to Anglo Irish pursuant to the Facility Agreement and Loan Documents are valid, enforceable, and properly perfected, and not subject to avoidance under applicable state or federal law; and (vi) released Anglo Irish and its successors and assigns from any and all actions or liability, whether known or unknown by the Debtor, founded either in law or equity arising from, in connection with, or in any way concerning or relating to the Loan. Forbearance Agreement at ¶¶ 1, 2, 5.10, 9.1.

   23. Also on April 21, 2010, Defendants Chicago Spire and Shelbourne Lakeshore together executed a subordination agreement (the "Subordination Agreement"). The Subordination Agreement was recorded on the Mortgaged Property with the Office of the Cook County Recorder of Deeds as Document No. 1316229023. A true and correct copy of the Subordination Agreement is attached hereto as Exhibit M. In the Subordination Agreement,

7

Chicago Spire and Shelbourne Lakeshore each agreed that any and all contractual, constitutional, and statutory mechanic's or materialmen's liens to which they may be entitled to or thereafter become entitled to, are subordinated to the RMW Mortgage. Subordination Agreement at p. 2.

24. The Forbearance Agreement expired according to its terms on September 30, 2010. The Loan's maturity date has not been further extended, and the Loan is currently in default.

25. On or about June 30, 2010, a mechanic lien creditor, Lorig Construction Company, commenced a foreclosure action (the "Foreclosure Action") against the Debtor in Illinois state court, and on October 1, 2010, Anglo Irish filed a counterclaim in the Foreclosure Action itself seeking foreclosure of the RMW Mortgage on the Mortgaged Property.

26. On October, 12, 2011, the state court entered an order (the "Mechanic Lien Subordination Order"), among other things, granting summary judgment in favor of Anglo Irish that the Chicago Spire Lien and the Shelbourne Lakeshore Lien were subordinate to the RMW Mortgage. A true and correct copy of the Mechanic Lien Subordination Order is attached hereto as Exhibit N. The state court based its determination on admissions by Chicago Spire and Shelbourne Lakeshore that the Chicago Spire Lien and Shelbourne Lakeshore Lien were subordinate to the RMW Mortgage by the Subordination Agreement. Mechanic Lien Subordination Order at ¶ 9.

**Assignment of the Loan and Loan Documents**

27. In 2011, Anglo Irish merged with Irish Nationwide Building Society and became the Irish Bank Resolution Corporation Limited (the "IBRC"). On February 7, 2013, the Irish Minster of Finance ordered the winding-up of the IBRC under the provisions of the Irish

8

Bank Resolution Corporation Act ("IBRC Act"). The National Asset Loan Management Limited ("NALM"), an entity formed under Ireland's National Asset Management Agency Act ("NAMA"), was established for the purpose of acquiring, holding, and managing loan assets from, among others, the IBRC.

28. On May 22, 2013, the IBRC transferred and assigned the Loan and Loan Documents to NALM. True and correct copies of the "Assignment of Mortgage and Security Agreement," "Assignment and Assumption of Loan Documents" and the Allonge to the A&R Note from IBRC to NALM are attached hereto as Exhibits O, P, Q, respectively.

29. By Loan Purchase and Sale Agreement dated June 13, 2013 (the "Loan Purchase Agreement"), RMW acquired the Loan and Loan Documents from NALM. True and correct copies of the "Loan Purchase and Sale Agreement (redacted)," "Assignment of Mortgage and Security Agreement," "Assignment and Assumption of Loan Documents" and the Allonge to the A&R Note from NALM to RMW are attached hereto as Exhibits R, S, T, U, respectively. Thus, RMW is the owner and holder of the Loan and the Loan Documents.

**The Chapter 11 Case**

30. On October 9, 2013 (the "Petition Date"), RMW, RMW CLP Acquisitions LLC, Thornton Tomasseti, Inc., and Cosentini Associates (the "Petitioning Creditors") filed an involuntary petition (the "Involuntary Petition") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court") against the Debtor, commencing the above-captioned bankruptcy case (the "Bankruptcy Case"). On November 8, 2013, as part of an agreed upon stipulation among the Debtor and the Petitioning Creditors, the Delaware Bankruptcy Court, among other things, entered an order for

relief under Chapter 11 of the Bankruptcy Code and transferred venue of the Bankruptcy Case to this Court.

31. On December 5, 2013, the Debtor filed its Schedules of Assets and Liabilities [D.I. 44] (the "Schedules") and Statement of Financial Affairs [D.I. 46] (the "SOFA"). On Schedule D, the Debtor valued the amount of the RMW Total Prepetition Claim at $69,500,000 and scheduled the RMW Total Prepetition Claim as "Disputed."

32. The Debtor scheduled the Chicago Spire Lien and the Shelbourne Lakeshore Lien as secured mechanic lien claims in the amounts of $15,000,000 and $2,528,627, respectively The Debtor did not schedules either of these claims as Disputed, Contingent, or Unliquidated.

33. The Debtor also listed on its Schedules that the value of the Mortgaged Property was "Unknown."

## CLAIM FOR DECLARATORY RELIEF

**I.    RMW requests the entry of an Order and Judgment: (i) allowing the RMW Total Prepetition Claim in the amount of $94,431,258.19 against the Debtor; (ii) declaring that the RMW Liens are valid, enforceable and properly perfected against the Debtor and the Mortgaged Property; (iii) declaring that the RMW Liens are senior in priority to the liens, claims and interests in, to and against the Mortgaged Property that may be held or asserted by Defendants Shelbourne Lakeshore or Chicago Spire; and (iv) once the Court has determined the allowed amount of the RMW Total Prepetition Claim and the validity, enforceability, and priority of the RMW Liens against the Mortgaged Property, determining the allowed amount of the RMW Secured Claim under Bankruptcy Code section 506 by a methodology and in a manner to be established by the Court after notice and hearing at that time.**

34. Plaintiff restates and re-alleges the allegations of Paragraphs 1 through 33 above, as if fully set forth herein.

10

35. Pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, *et seq.* and Bankruptcy Rule 7001(2), RMW requests that the Court enter an order and judgment: (i) allowing the RMW Total Prepetition Claim in the amount of $94,431,258.19 against the Debtor; (ii) declaring that the RMW Liens are valid, enforceable and properly perfected against the Debtor and the Mortgaged Property; (iii) declaring that the RMW Liens are senior in priority to the liens, claims and interests in, to and against the Mortgaged Property that may be held or asserted by Defendants Shelbourne Lakeshore or Chicago Spire; and (iv) once the Court has determined the allowed amount of the RMW Total Prepetition Claim and the validity, enforceability, and priority of the RMW Liens against the Mortgaged Property, determining the allowed amount of the RMW Secured Claim under Bankruptcy Code section 506 by a methodology and in a manner to be established by the Court after notice and hearing at that time.

36. By assignment, RMW is the owner and holder of the RMW Liens, which are valid, enforceable and properly perfected liens against the Mortgaged Property as reflected by the Loan Documents. As of the Petition Date, the total indebtedness due and owing to RMW is $94,431,258.19 (including principal and applicable interest, advances, fees, and other charges under the Loan and Loan Documents).

37. Nevertheless, the Debtor filed its Schedules and SOFA listing the RMW Total Prepetition Claim under the Loan and Loan Documents in an amount of $69,500,000 and as "Disputed."

38. The RMW Total Prepetition Claim dates back to July 18, 2006 when Anglo Irish first extended the Loan to the Debtor and the Debtor and Anglo Irish executed the Facility Letter.

11

39. The prior holder of the RMW Total Prepetition Claim, Anglo Irish, first duly recorded the RMW Mortgage, providing record notice of an interest in property of the Debtor at all times from and after July 31, 2006. The First Amendment of the RMW Mortgage was recorded September 11, 2008 with the Cook County, Illinois Recorder of Deeds.

40. The RMW Liens, including the RMW Mortgage, arising under the Loan Documents remain valid, enforceable, properly perfected and senior to present day and at all time periods relevant to this Adversary Proceeding.

41. Chicago Spire and Shelbourne Lakeshore entered into the Subordination Agreement, which expressly subordinated the Chicago Spire Lien and Shelbourne Lakeshore Lien to the RMW Mortgage. Chicago Spire and Shelbourne Lakeshore also admitted in the Foreclosure Action that their liens are subordinate to the RMW Mortgage.

42. RMW is entitled to an order and judgment: (i) allowing the RMW Total Prepetition Claim in the amount of $94,431,258.19 against the Debtor; (ii) declaring that the RMW Liens are valid, enforceable and properly perfected against the Debtor and the Mortgaged Property; (iii) declaring that the RMW Liens are senior in priority to the liens, claims and interests in, to and against the Mortgaged Property that may be held or asserted by Defendants Shelbourne Lakeshore or Chicago Spire; and (iv) once the Court has determined the allowed amount of the RMW Total Prepetition Claim and the validity, enforceability, and priority of the RMW Liens against the Mortgaged Property, determining the allowed amount of the RMW Secured Claim under Bankruptcy Code section 506 by a methodology and in a manner to be established by the Court after notice and hearing at that time.

**RESERVATION OF RIGHTS**

43. RMW hereby specifically reserves the right to assert any claims in this Bankruptcy Case and bring any and all other causes of action that it may maintain against any party including, without limitation, filing claims objections and causes of action in this Bankruptcy Case or in other courts including those that may relate to the transactions described in this Complaint. The filing of this Complaint does not constitute a waiver of any rights or claims available to RMW.

**WHEREFORE**, RMW respectfully requests that the Court enter an order and judgment granting the following relief:

    a. Ordering and declaring that the RMW Total Prepetition Claim is allowed in the amount of $94,431,258.19;

    b. Ordering and declaring that the RMW Liens, including the RMW Mortgage, are valid, enforceable and properly perfected liens against the Mortgaged Property;

    c. Ordering and declaring that the RMW Liens are senior in priority to the liens, claims and interests in, to and against the Mortgaged Property that may be held or asserted by Defendants Shelbourne Lakeshore or Chicago Spire;

    d. once the Court has determined the allowed amount of the RMW Total Prepetition Claim and the validity, enforceability, and priority of the RMW Liens against the Mortgaged Property, determining the allowed amount of the RMW Secured Claim under Bankruptcy Code section 506 by a methodology and in a manner to be established by the Court after notice and hearing at that time; and

   e.  granting such other and further relief the Court deems just and proper.

Dated: December 27, 2013
    Chicago, Illinois

               s/ Brian L. Shaw
               Brian L. Shaw
               Peter J. Roberts
               SHAW FISHMAN GLANTZ & TOWBIN LLC
               321 N. Clark Street, Suite 800
               Chicago, Illinois 60654
               Telephone: (312)-541-0151
               Facsimile: (312) 980-3888
               Email: bshaw@shawfishman.com
                  proberts@shawfishman.com

               - and -

               Lenard M. Parkins (*pro hac vice*)
               Trevor R. Hoffmann (*pro hac vice*)
               Jonathan Hook (*pro hac vice*)
               John D. Beck (*pro hac vice*)
               HAYNES AND BOONE LLP
               30 Rockefeller Plaza, 26th Floor
               New York, New York 10112
               Telephone: (212) 659-7300
               Facsimile: (212) 918-8989
               Email: lenard.parkins@haynesboone.com
                  trevor.hoffmann@haynesboone.com
                  jonathan.hook@haynesboone.com
                  john.beck@haynesboone.com

               *Attorneys for RMW Acquisition Company, LLC*